UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LES BORSAI, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:14-cv-00998-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| WEBBER INVESTMENTS, LLC, a Utah | ) |
| Limited Liability Company; et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 12) filed by Defendant Webber Investments, LLC ("Defendant"). Plaintiff Les Borsai ("Plaintiff") filed a Response (ECF No. 18), and Defendant filed a Reply (ECF No. 22). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED** and the Court orders that this case be transferred to the Central District of California pursuant to 28 U.S.C. § 1631.

This case arises out of a Distributorship Purchase and Sale Agreement ("the Agreement") entered into by Defendant. (Compl. ¶ 6, ECF No. 1). Plaintiff alleges that he accepted a beneficial assignment from Dennis Caroni ("Caroni"), a party to the Agreement, assigning all right, title and interest in all causes of action existing by virtue of the Agreement between Caroni and Defendant. (*Id.* ¶ 7). Plaintiff filed the instant action alleging causes of action of (1) breach of contract, (2) breach of duty of good faith and fair dealing, and (3) accounting. (*Id.* ¶¶ 14–34).

Defendant filed its instant Motion to Dismiss asserting that (1) the Court lacks personal jurisdiction over Defendant, (2) the District of Nevada is an improper venue for this action, and (3) Plaintiff has failed to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss, 1:27–2:2). Defendant asserts that the Agreement "stated that it would be governed by

California law, and that 'venue shall lie exclusively in Los Angeles County, California.'" (*Id.* 5:6–8). In his Response, Plaintiff acknowledges the forum selection clause in the Agreement, and does not dispute whether the Court lacks personal jurisdiction or is an improper venue for this matter. (Pl.'s Response 2:2–4, 2:20–25). Instead, Plaintiff asserts that "[a] district court that lacks jurisdiction may transfer the case to a district where jurisdiction is proper in the interests of justice." (*Id.* 4:1–5). Moreover, Plaintiff asserts that he is amenable to a transfer. (*Id.* 2:2–4). Thus, upon concessions made by the parties, the Court finds that it lacks personal jurisdiction over Defendant in this matter and will resolve the issue of whether transferring the case to a district where jurisdiction is proper is in the interests of justice.

Where the court determines that it lacks jurisdiction over a matter, it must determine whether the case should be transferred to another district rather than dismissed pursuant to 28 U.S.C. § 1631. *See Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990); *see also Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 761–62 (9th Cir. 1990) (holding that district court lacked personal jurisdiction and remanding for determination of whether transfer is in the interest of justice pursuant to 28 U.S.C. § 1631). "Normally transfer will be in the interest of justice because ... dismissal of an action that could have been brought elsewhere is 'time-consuming and justice-defeating.'" *Miller,* 905 F.2d at 262 (*quoting Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)). "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

In its Reply, Defendant asserts that a transfer is not in the interest of justice because "Plaintiff knowingly filed this matter in the wrong court, [and] [w]hen Defendant raised the issue and explained what Plaintiff's counsel should have already known, Plaintiff refused to dismiss and refile the action in the correct forum." (Def.'s Reply 3:19–21). However, Plaintiff

contends that he filed suit in this district because, as alleged in the Complaint, "Plaintiff agreed to Defendant's request that the choice of law and forum selection be changed to Nevada and this District, respectively." (Pl.'s Response 2:26–27).

The Court finds transfer appropriate here. Neither party disputes that this action could have originally been brought in California. Moreover, the factors set forth by the Ninth Circuit weigh in favor of transfer. First, transfer would not prejudice Plaintiff because Plaintiff has already asserted his amenability to transfer. Second, the Court cannot find, as Defendant argues, that Plaintiff filed the original action in bad faith. Plaintiff's Complaint alleges that Plaintiff filed in this district based on changes made to the Agreement's forum selection clause. Third, the Court finds that other equitable factors weigh in favor of transfer. Dismissing this action and requiring Plaintiff to file a new action in California would waste both the parties' and the court's resources. Transfer here would lead to a more just, speedy, and inexpensive resolution for all parties.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**. The Court finds that it lacks personal jurisdiction over Defendant and that this district is not a proper venue for Plaintiff's lawsuit. However, the Court does not reach the merits of Defendant's 12(b)(6) claims.

**IT IS FURTHER ORDERED** that in the interests of justice, this case be transferred to the Central District of California pursuant to 28 U.S.C. § 1631. Because transfer does not dispose of this action, the Court declines to award attorney fees.

**DATED** this 19th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge